NO. 07-09-00395-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 8, 2010

NORMAN CECIL DONOVAN, APPELLANT

v.

DANIEL R. BECK, ET AL, APPELLEES

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-548,685; HONORABLE LESLIE HATCH, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Norman Cecil Donovan, an inmate proceeding *pro se*, filed a notice of appeal challenging the trial court's December 3, 2009 order of dismissal of his claims as frivolous, pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. We dismiss.

On January 13, 2010, Donovan filed a document with this Court entitled "Plaintiff's Appellant Deprivation of Due Process Laws Day in Court on Discriminatory Laws," in which Donovan made no citations to the record and cited no legal authority. Because of the document's numerous deficiencies, it was not construed by this Court to

be Donovan's appellate brief. As such, by letter dated May 13, 2010, this Court notified Donovan that his appellate brief was past due and directed him to file his brief on or before May 24, 2010. On May 24, 2010, Donovan filed a duplicate of the January 13, 2010 document. Upon realizing that Donovan intended this document to be his appellate brief, by letter dated May 27, 2010, this Court notified Donovan that his brief was deficient[1] and directed him to correct the deficiencies and re-file his brief on or before June 25, 2010. When Donovan failed to comply with the June 25 deadline, this Court notified Donovan of his failure and informed him that his corrected brief must be filed by August 9, 2010, or his appeal would be dismissed for want of prosecution. See id. at 42.3(b). Despite two notices and a reasonable time in which to comply with this Court's directive, Donovan has failed to file a corrected brief or in any way respond.

---

[1] The Court's May 27, 2010 letter identified the deficiencies in Donovan's brief as follows:

The brief is deficient in that it wholly fails to include the following:

a. Identity of parties and counsel;
b. Table of contents;
c. Index of authorities;
d. Statement of the case;
e. Issues presented;
f. Statement of facts; and
g. Prayer.

See TEX. R. APP. P. 38.1(a), (b), (c), (d), (f), (g), (j). Further, the brief does not include any references to the record nor does it include any citations to authority. See id. at 38.1(d), (g), (i). Finally, the argument is indecipherable and appellant does not clearly state the nature of the relief sought. See id. at 38.1(i), (j).

2

Accordingly, we dismiss the appeal for want of prosecution and for failure to comply with a deadline set by the Clerk of this Court. See id. at 42.3(b)(c).


Mackey K. Hancock
Justice

3